IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES BARTHOLOMEW GINTY,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK N.A.<br><br>　　　Defendant. | CIVL ACTION NO.<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1. This is an action for damages brought by an individual against Defendants for violations of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. §§ 1693 *et seq.*, 15 U.S.C. §§ 1601, *et seq.*, and common law conversion and negligence.

## THE PARTIES

2. Plaintiff James B. Ginty is an adult individual residing in the Commonwealth of Pennsylvania.

3. Defendant Well Fargo Bank N.A. (hereafter "Wells Fargo") is a business entity that regularly conducts business in the Eastern District of Pennsylvania and has a principal place of business located at 101 N. Phillips Ave, Sioux Falls, SD 57104.

## FACTUAL ALLEGATIONS

1. Plaintiff is a long-time customer of, and has consistently utilized, Wells Fargo's banking services.

2. During the years that Plaintiff made use of Wells Fargo's banking services, Wells Fargo made numerous representations regarding the security of its electronic banking systems.

3. Plaintiff had an "Everyday Checking" account with Wells Fargo.

4. Upon information and belief, in or around September 2025, Plaintiff's bank account with Wells Fargo was compromised.

5. On or about September 10, 2025, an unauthorized transfer in the amount of $3,450 was made from Plaintiff's account to Zelle.

6. Plaintiff did not authorize this transaction.

7. Plaintiff did not benefit from this transaction.

8. Plaintiff had never made similar transactions in the years that he has banked with Respondent.

9. On or about September 10, 2025, Plaintiff received a telephone call which he suspected may have been an attempt to defraud him.

10. On or about September 10, 2025, Plaintiff received an email alert that a "Zelle(R) recipient" had been added and a phone number with which Plaintiff had no affiliation.

11. On or about September 10, 2025, Plaintiff went in person to a Wells Fargo branch to alert them of suspicious activity related to his account and disputed to a branch manager.

12. On September 16, 2025, Wells Fargo denied client's disputes stating "The claim has been denied based on the information available to us. Our research shows the disputed activity was made through a secure online banking session by you or someone who had your authority and we were unable to identify any indicators of fraudulent activity."

13. Plaintiff disputed the fraudulent transaction a second time and Wells Fargo denied this dispute on October 9, 2025. In their denial they stated "As part of our review we carefully examined your account for signs of unauthorized activity, focusing on specific fraud indicators.

Based on our findings the Claims Assistance Center denied thew claim, as no indicators of fraud were detected."

14. The unauthorized transfer was made to Zelle, a company to which Plaintiff had never before sent a transfer. Despite this, Wells Fargo made no effort to stop this unauthorized transaction.

15. Wells Fargo's security system did not flag this unauthorized transaction, nor did it attempt to stop it.

16. Plaintiff disputed the unauthorized transaction immediately.

17. Wells Fargo told Plaintiff that it would investigate Plaintiff's disputes but still rejected Plaintiff's disputes of an unauthorized transfer.

18. Wells Fargo based their decision that the transfer was authorized on the fact that it was "made through a secure online banking session."

19. Wells Fargo appears not to have had any commercially reasonable security systems in place to prevent the unauthorized transaction debited from Plaintiff's account.

20. Despite Plaintiff's timely disputes, Wells Fargo refused to reimburse Plaintiff for the unauthorized transaction.

21. In response to each dispute, Wells Fargo inaccurately concluded that Plaintiff authorized the transaction and closed the dispute.

22. As a result of Defendant's conduct, Plaintiff has suffered significant financial damages, additional actual damages, and consequential damages.

23. At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

24. At all times pertinent hereto, the conduct of the Defendant, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I
## ELECTRONIC FUND TRANSFER ACT ("EFTA")

25. Plaintiff re-alleges all prior allegations as if fully set forth here.

26. At all times pertinent hereto, Defendant was a "financial institution" as that term is defined by 15 U.S.C. § 1693a(9).

27. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1693a(6).

28. At all times pertinent hereto, the above unauthorized transfers were "electronic fund transfer[s]" as that term is defined by 15 U.S.C. § 1693a(7) and "unauthorized electronic fund transfer[s]" as that term is defined by 15 U.S.C. § 1693a(12).

29. Pursuant to 15 U.S.C. § 1693m, Defendant is liable to the Plaintiff for numerous and multiple violations of EFTA.

30. As a result of Defendant's conduct detailed more fully above, Plaintiff has suffered ascertainable losses entitling Plaintiff to an award of statutory, actual and treble damages as well as attorney's fees and costs.

## COUNT II
## CONVERSION

31. Plaintiff re-alleges all prior paragraphs as if fully set forth here.

32. Plaintiff had a right to possession of the money that belonged to him in his bank account.

33. Defendant, through their actions detailed above, have interfered with and deprived Plaintiff of his right to possess his property.

34. Defendant did not have consent to interfere with Plaintiff's right of possession.

35. Defendant had no lawful justification in interfering with Plaintiff's right of possession.

36. Defendant's actions in interfering with Plaintiff's right of possession were willful, malicious, and indicative of a wanton disregard for Plaintiff's rights.

37. As a result, Defendant is liable to Plaintiff for the full amount of actual damages and punitive damages.

## COUNT III
## NEGLIGENCE

38. Plaintiff re-alleges all prior paragraphs as if fully set forth here.

39. Defendant owed Plaintiff a duty to protect Plaintiff's bank account from fraudulent activity.

40. Defendant is liable to Plaintiff for damages caused by their breach of their duty to protect Plaintiff's bank account from fraudulent activity.

41. Defendant breached their duty by allowing the fraudulent activity to occur without intervention.

42. As a direct and proximate result of Defendant's breach of their duty to Plaintiff, Defendant is liable to Plaintiff for the full amount of actual damages and punitive damages.

## JURY TRIAL DEMAND

43. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) All actual damages caused by Defendant's acts and omissions;

(b) All compensatory damages caused by Defendant's acts and omissions;

(c) Treble damages;

(d) Punitive damages;

(e) Reasonable attorneys' fees and costs;

(f) Interest; and

(g) Such other and further relief as may be necessary, just, and proper.

Respectfully Submitted,

**FRANCIS MAILMAN SOUMILAS, PC**

*/s/ Siobhán E. McGreal*
SIOBHÀN E. MCGREAL, ESQ.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
T: 215-735-8600
F: 215-940-8000
E: smcgreal@consumerlawfirm.com

Dated: February 25, 2026　　　　　　　　　　*Attorneys for Plaintiff*